

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00115-CR

ALLEN RAY REPPOND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19,810

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Allen Ray Reppond pled guilty to one count of aggravated sexual assault of a child under fourteen years old and two counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.021(a)(2)(B). After a trial on punishment, an Upshur County jury assessed a punishment of life imprisonment for aggravated sexual assault of a child under fourteen years old and twenty years' imprisonment on both counts of indecency with a child by contact, with all counts to run concurrently.

After the close of evidence in the punishment trial, a juror approached the bailiff and stated that she could not go on with the trial. During questioning by counsel and the trial court, the juror stated that she had been assaulted as a child. The juror then stated that she could proceed and that she could decide the case based on the evidence and the instructions of the trial court. On appeal, Reppond argues that the juror did not disclose the assault during voir dire and, as a result, the trial court should have removed the juror and seated an alternate. Under those circumstances and at that stage of the trial, a motion for mistrial was required to preserve error. Reppond did not move for mistrial. Reppond failed to preserve error.

We affirm the trial court's judgment.

## I.     Factual Background

Following voir dire, but before the presentation of any evidence, Reppond pled guilty to the charges against him. From that point forward, Reppond's trial was solely on punishment. The presentation of evidence closed around 11:30 a.m. The trial court sent the jury to lunch, with instructions to be back in the jury room at 12:55 p.m., so that reading of the charge and

2

presentation of closing arguments could begin promptly at 1:00 p.m. During the break, a juror informed the bailiff that she could not "continue on with this trial" because she was a victim of assault as a child.

The trial court allowed both parties to question the juror outside the presence of the jury. The juror confirmed that she had been assaulted as a child and that she had told the bailiff that she could not continue. The juror expressed understanding for the victim: "she's like I am now." The juror stated, "I believe I can stay and do what I need to do just for the sole fact of being an advocate and trying to make things better. I know I'm only one person, but, you know, if you help one, that's like helping a hundred." The juror confirmed that she could continue and stated, "I believe I've got myself together to where I can do it."

The juror then stated she could decide the case based on the evidence presented and the instructions of the trial court.

Reppond objected that he would have exercised a preemptory challenge on the then-panelist if, during voir dire, the then-panelist had stated that she had been assaulted as a child. Reppond asserted that, given her statements, the now-juror had demonstrated that she could not be fair and impartial. Reppond asked that the juror be removed and an alternate be seated.

The trial court determined that the juror could "remain[] fair and impartial and that [she would] be able to set aside her previous experiences and render her verdict on punishment based solely on the evidence received in the courtroom in this case."

3

## II.     A Motion for Mistrial Was Required, but Was Not Made

"Because the jury had been sworn and the trial had begun, the appellant's only remedy was a mistrial; defense counsel could not have moved to challenge the juror for cause or to peremptorily strike the juror." *Franklin v. State*, 138 S.W.3d 351, 353–54 (Tex. Crim. App. 2004).[1] *Franklin*, like here, involved information that was not provided during voir dire coming to light during trial. *Id.* at 352. *Franklin*, however, stated that mistrial was the "only remedy" in a case where, unlike here, a motion for mistrial was made in the trial court. *Id.* at 354. The implication of "only remedy," however, is manifest: "only" precludes Reppond's proposed remedy of seating an alternate. *See id.* Our Court has found forfeiture for lack of a motion for mistrial regarding a mid-trial discovery of asserted voir-dire withholding. *Taylor v. State*, 558 S.W.3d 215, 220 (Tex. App.—Texarkana 2018, no pet.) ("The record shows that Taylor did not move for a mistrial." (citing *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007) ("[A] motion for mistrial must be both timely and specific.")))).

Because Reppond did not move for mistrial, he forfeited his complaint. We overrule his point of error.

---

[1]Given prior decisions in Franklin's case, that decision has been called "*Franklin IV*." *State v. Gutierrez*, 541 S.W.3d 91, 100 (Tex. Crim. App. 2017). The rule of *Franklin IV* stands: "once the jury is sworn, the defendant's only remedy for a harmful violation of his right to an impartial jury is a mistrial." *Id.* at 100 n.9. If a motion for mistrial is made, *Guitierrez* sets forth the procedure for trial courts to follow and the standard of review for courts of appeal to use. *Id.* at 100. From that, inferences can be made about the rationale for the "only remedy" rule. *Id.* In any event, "only remedy" is the rule. *Id.*

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted: December 23, 2024
Date Decided: April 30, 2025

Do Not Publish